IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MASSAMBA SOUMARE | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-01935-X (BT) |
| | § | |
| U.S. IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Massamba Soumare filed a pro se habeas petition under 28 U.S.C. § 2241 challenging his immigration detention. Pet. (ECF No. 3). A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (per curiam) (affirming summary dismissal of § 2241 petition); *see also* Rule 1(b) of the Rules Governing § 2254 Cases (providing that the § 2254 rules apply to habeas petitions not covered under § 2254); Rule 4 of § 2254 Rules ("If it plainly appears from the petition...that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). Upon review, the District Judge should summarily dismiss the petition without prejudice as premature.

## Background

On June 11, 2026, Petitioner, a citizen of Mali currently in immigration detention, filed a petition for habeas relief under 28 U.S.C. § 2241. Petitioner

1

claims that he is detained under 8 U.S.C. § 1231 and that his detention is unlawful because he was re-detained without having committed a crime after being previously released on his own recognizance, and because his detention is unduly prolonged in violation of the Due Process Clause as established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pet. at 6, 10, 12. He argues that he must be released under *Zadvydas* because he is "unlikely to be removed in the reasonably foreseeable future." *Id.* at 13.[1]

**Legal Standards and Analysis**

"Section 1231(a)(6) provides, among other things, that when an alien who has been ordered removed is not in fact removed during the 90-day statutory 'removal period,' that alien 'may be detained beyond the removal period' in the discretion of the Attorney General." *Demore v. Kim*, 538 U.S. 510, 527 (2003). In *Zadvydas*, the Supreme Court held indefinite detention pursuant to 8 U.S.C. § 1231(a)(6) would "raise a serious constitutional problem." 533 U.S. at 690. The Supreme Court therefore interpreted § 1231(a)(6) to permit detention beyond the 90-day removal period "only for a period reasonably necessary to secure the alien's removal." *Id.* It concluded that six months beyond the removal period was presumptively reasonable, but after six months, if "the alien provides good reason

---

[1] Petitioner cites some cases that addressed the legality of pre-final-removal-order detention under 8 U.S.C. § 1225 or 8 U.S.C. § 1226. *See, e.g.*, Pet. at 14 (citing *Eneke v. Noem*, 2026 WL 321458 (N.D. Tex. Feb. 6, 2026) (Kinkeade, J.). But his habeas claims challenge the legality of detention under 8 U.S.C. § 1231(a)(6), not 8 U.S.C. § 1225 or 8 U.S.C. § 1226. *See* Pet. at 6, 10, 12-13. So the Court does not construe his Petition as challenging detention under § 1225 or § 1226.

to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

But § 1231 and the *Zadvydas* framework only apply if the petitioner is subject to a final order of removal. *See*, *e.g.*, *Sanchez v. Noem*, 2025 WL 3760317, at *5 (S.D. Tex. Nov. 14, 2025) ("Section 1231 generally governs post-removal order detention, or detention of a noncitizen subject to a 'final order of removal.'") (citing 8 U.S.C. § 1231). Here, review of online government records (of which the Court takes judicial notice) confirms an immigration judge ordered Petitioner removed on July 3, 2025, and appeal of that order to the Board of Immigration Appeals (BIA), filed August 4, 2025, remains pending. *See* https://acis.eoir.justice/gov/en/ (search for Petitioner's A-number, 245-107-061) (last accessed June 17, 2026). Because Petitioner is awaiting disposition of the BIA appeal, the removal order is not yet final. *See* 8 U.S.C. § 1101(a)(47)(B) ("The [removal] order...shall "become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]."); *Castillo-Rodriguez v. I.N.S.*, 929 F.2d 181, 183 (5th Cir. 1991) ("The order of the immigration judge...is not final when a timely appeal is taken to the [BIA].").

Petitioner's petition challenging his detention under § 1231 is thus premature and should be dismissed without prejudice. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 317-18 (5th Cir. 2011) (per curiam) (affirming dismissal of post-

removal-order detention challenge as premature; noting that six-month period following date on which removal order becomes final must have elapsed before filing of habeas petition challenging confinement under *Zadvydas*); *see also Pambukhchyan v. U.S. Immigr. & Customs Enf't*, 2026 WL 980250, at *2 (W.D. La. Mar. 23, 2026), *rec. accepted* 2026 WL 978973 (W.D. La. Apr. 10, 2026) (dismissing premature habeas petition because BIA appeal was pending).

## Recommendation

The District Judge should summarily dismiss Petitioner Massamba Soumare's habeas petition without prejudice.

SO RECOMMENDED.

June 18, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).